United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABDURAHAM MOHAMMED, et. al., | CASE NO. 5:10-cv-05630 EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION** |
| v. | |
| CITY OF MORGAN HILL, et. al., | [Docket Item No(s). 169, 170] |
| Defendant(s). | |

Presently before the court is Plaintiff Jinow Gudal's ("Gudal") Motion for Clarification of the order issued by Judge Jeremy Fogel on August 30, 2011. See Docket Item Nos. 169, 170. Having carefully reviewed this matter, Gudal's motion will be denied for the reasons explained below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2010, pro se Plaintiffs Abduraham Mohammed ("Mohammed") and his mother, Gudal, commenced this civil rights action against a series of municipal and individual Defendants. In the simplest of terms, Plaintiffs allege that Mohammed was wrongfully arrested, charged with a crime he did not commit, and improperly incarcerated for a period of 6 months. See Docket Item No. 1. Although the charges were ultimately dropped and Mohammed released from jail, Plaintiffs allege he was denied proper medical treatment for a brain tumor while incarcerated. See id. As a result, Mohammed's health deteriorated such that he required constant care by Gudal. See id.

1
CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION

1 During the early stages of this litigation, the parties filed a miscellaneous collection of motions and requests - some dispositive and some procedural. Eventually, this court's predecessor (Judge Jeremy Fogel) consolidated the motions into one hearing on April 15, 2011. See Docket Item No. 153. Intending to issue a written ruling, the court submitted the motions for decision. Id.

Mohammed thereafter died on August 21, 2011. See Docket Item No. 165. Since all of the previously-submitted motions remained pending at that time, the court issued the following order on August 30, 2011:

> The Court recently was informed that Plaintiff Abduraham Mohammed has died. In light of Mr. Mohammed's death, the Court hereby terminates all pending motions without prejudice. If she wishes to pursue any remaining claims in this action, Plaintiff Jinow Gudal must file an amended complaint within thirty (30) days from the date of this order.

Gudal did not amend the complaint as directed. Instead, she filed the instant motion on October 17, 2011, seeking clarification of the August 30th order.

## II. DISCUSSION

"A court may clarify its order for any reason." Wahl v. Am. Sec. Ins. Co., No. C 08-0555 RS, 2010 WL 2867130, 2010 U.S. Dist. LEXIS 84878, at *9 (N.D. Cal. July 20, 2010). This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." Bordallo v. Reyes, 763 F.2d 1098, 1102 (9th Cir. 1985). From this, it is apparent that the clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can corrected with further explanation. But where an order or direction of the court is clear, it follows that clarification is unnecessary.

Here, Gudal request this court clarify the type of amendment contemplated by the order, i.e. an amendment of only the parties or an amendment of the complaint itself. Within the framework stated above, however, the court finds the request misplaced for two reasons. First, nothing in the August 30th order requires clarification. The two simple sentences which constitute the entirety of the order are neither confusing, incomplete nor ambiguous. The court provided only one unequivocal directive - the filing of an amended complaint - within a specific period of time. No further instruction is required for Gudal to determine what she must do to comply.

2
CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION

Second, the specific clarification question posed by Gudal seeks information that cannot be provided by the court. As the August 30th order suggests, Mohammed's death may have a significant impact on this case in a variety of ways. It is possible that the parties, the causes of action, or potentially both must be amended in order for this case to proceed further. Gudal may wish to investigate and seek direction from qualified individuals in that regard. But the court is not a legal advisor and cannot counsel Gudal on what must be done, if anything. That is her obligation as a party to litigation, regardless of whether she is represented by counsel.

Although Gudal has not presented a valid basis for clarification of the August 30th order, the court nonetheless finds it appropriate to extend the deadline for the filing of an amended complaint. Accordingly, Gudal shall file an amended pleading on or before November 21, 2011. Gudal is admonished that failure to comply with this order for the second time may result in dismissal of this action upon an order to show cause for failure to prosecute.

### III. ORDER

Based on the foregoing:

1. Gudal's Motion for Clarification (Docket Item Nos. 169, 170) is DENIED.
2. Gudal shall file an amended complaint on or before **November 30, 2011.**
3. This court also schedules this action for a further Case Management Conference on **January 20, 2012, at 10:00 a.m.** The parties shall file a Joint Case Management Statement on or before **January 13, 2012.**

**IT IS SO ORDERED.**

Dated: October 25, 2011

EDWARD J. DAVILA
United States District Judge

3
CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION