United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ABDURAHAM MOHAMMED, et. al.,

Plaintiff(s),

v.

CITY OF MORGAN HILL, et. al.,

Defendant(s).
_____________________________________/

CASE NO. 5:10-cv-05630 EJD

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING REQUEST FOR DISMISSAL**

[Docket Item No. 185]

Presently before the court is Plaintiff Jinow Gudal's ("Gudal") request for reconsideration of the order filed January 6, 2012, wherein the court denied her second request for an extension of time to file an amended complaint. See Docket Item Nos. 181, 185. The court has construed Gudal's request as a motion for leave under Civil Local Rule 7-9 despite Gudal's noncompliance with that rule.[1] As so construed and in light of the discussion held at the Case Management Conference ("CMC") on January 20, 2012, the motion will be denied.

Defendants have also requested the court dismiss the complaint *sua sponte* due to Plaintiff's repeated failure to comply with orders requiring them to file an amended pleading. Although the court certainly understands the basis for Defendants' request, the court will not dismiss the complaint at this time for the reasons explained below.

[1] In the Northern District of California, parties may not file a motion for reconsideration without first obtaining permission from the court to file such a motion. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.").

United States District Court
For the Northern District of California

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2010, pro se Plaintiffs Abduraham Mohammed ("Mohammed") and his mother, Gudal, commenced this civil rights action against a series of municipal and individual Defendants. In the simplest of terms, Plaintiffs allege that Mohammed was wrongfully arrested, charged with a crime he did not commit, and improperly incarcerated for a period of 6 months. See Docket Item No. 1. Although the charges were ultimately dropped and Mohammed released from jail, Plaintiffs allege he was denied proper medical treatment for a brain tumor while incarcerated. See id. As a result, Mohammed's health deteriorated such that he required constant care by Gudal. See id.

During the early stages of this litigation, the parties filed a miscellaneous collection of motions and requests - some dispositive and some procedural. Eventually, this court's predecessor (Judge Jeremy Fogel) consolidated the motions into one hearing on April 15, 2011. See Docket Item No. 153. The court submitted the motions for decision at the conclusion of argument and intended to issue a written ruling. Id. The case was then reassigned to this court on April 25, 2011. See Docket Item No. 154.

Mohammed died on August 21, 2011. See Docket Item No. 165. Since all of the previously-submitted motions remained pending at that time, Judge Fogel issued the following order on August 30, 2011:

> The Court recently was informed that Plaintiff Abduraham Mohammed has died. In light of Mr. Mohammed's death, the Court hereby terminates all pending motions without prejudice. If she wishes to pursue any remaining claims in this action, Plaintiff Jinow Gudal must file an amended complaint within thirty (30) days from the date of this order.

Gudal did not amend the complaint as directed. Instead, she filed a motion for clarification on October 17, 2011, wherein she sought an explanation of the August 30th order. See Docket Item Nos. 169, 170. The court denied the clarification motion, but extended until November 30, 2011, the deadline for filing an amended complaint. See Docket Item No. 172. The court also advised Gudal to seek legal advice at the CMC on October 21, 2011, and in the order denying the motion for

United States District Court
For the Northern District of California

clarification.

On November 15, 2011, Gudal filed a motion to once again extend the deadline for amending the complaint based primarily on the progress of a probate case proceeding in state court with regard to Mohammed's estate. See Docket Item No. 173. The court granted the motion as requested and extended the deadline to January 5, 2012, but warned that no further extensions would be granted absent extraordinary circumstances. See Docket Item No. 176.

On December 28, 2011, Gudal filed a second motion to extend the deadline for amending her pleadings from January 5th to February 6, 2012, again based on the progress of the probate proceedings in state court. See Docket Item Nos. 177, 178. Defendants opposed the motion in a joint filing. See Docket Item No. 180. In denying the requested extension, the court wrote:

> [Gudal] has already received two extensions of the original deadline ordered by the court, the first from September 29, 2011, to November 30, 2011, and the second from November 30, 2011, to January 5, 2011. See Docket Item Nos. 172, 176. In receiving the second extension, [Gudal] was specifically warned that further extensions of time would not be granted absent the presentation of extraordinary circumstances. See Docket Item No. 176.
>
> Having reviewed the instant motion and other materials filed in support thereof, the court finds that [Gudal] has failed to demonstrate good cause for the relief requested, as has failed to demonstrate the type of extraordinary circumstances contemplated by the court in its prior order. Indeed, [Gudal] has now been provided more than 120 days within which to file an amended pleading since the court issued its original order on August 30, 2011. See Docket Item No. 163.

See Docket Item No. 181.

The court did, however, allow Gudal one final extension of the amendment deadline from January 5, 2012, to January 16, 2012. See id. Although Gudal appeared at the CMC on January 20, 2012, she did not file an amended complaint as directed.

## II. DISCUSSION

### A. Reconsideration

As noted previously, the process for filing a motion for reconsideration is described in Local Civil Rule 7-9. The first step of that process requires a party seeking reconsideration of a prior order to obtain permission to make such a request. Rule 7-9(a) states:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

In requesting leave of court, the moving party must at the very least do two things. First, the party must make a specific showing supporting one of the following bases:

> (1) At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b).

Second, the party must accomplish the appropriate showing without repeating any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). Doing so subjects that party to the possibility of sanctions. Id.

It appears from the argument and declaration which comprise the instant request that Gudal believes the court failed to consider "material facts" in denying her second request for an extension of the amendment deadline. But as indicated by Defendants at the CMC on January 20, 2012, the fact that a probate hearing was to occur on January 27, 2012, was previously presented to the court with Gudal's second extension motion, and was considered by the court in ruling on that motion. Indeed, the portion of the order quoted above specifically states that the court reviewed Gudal's motion and the supporting materials provided. No other facts - new or otherwise - are presented or referenced in the request for reconsideration.

Gudal has failed to demonstrate the court failed to consider any of the factual information contained in her prior motion. Accordingly, her request for leave to file a motion for reconsideration must be denied.

United States District Court
For the Northern District of California

**B. Request for Dismissal**

As mentioned above, Defendants have requested an order dismissing the complaint for Gudal's failure to comply with the orders requiring an amended complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with a court order. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1991) (citing Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In examining the Ferdik factors, this court is mindful of the Supreme Court's instruction to liberally construe the "inartful pleading" of *pro se* litigants. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). Moreover, the court has observed the Ninth Circuit policy of treating *pro se* litigants with "great leniency" when assessing compliance with technical rules of civil procedure. See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986).

Here, the court finds that the first three Ferdik factors weigh in favor of dismissal. This action, which has now been pending since December, 2010, has yet to progress past the initial pleading stage. It has occupied a spot on this court's docket and calendar in a state of arrested development, requiring Defendants to expend time and incur fees in responding to Gudal's extension requests and related motions. Defendants have also been required to attend two court conferences at which the only subject discussed was the expectation that Gudal would file an amended pleading. The prejudice to Defendants in maintaining this action is therefore apparent and has not escaped the court's review.

But while there is some support for dismissal, the court finds such support outweighed by other considerations. First, the court cannot ignore the fact that Gudal is a *pro se* litigant, and that her current procedural quandary is a result of her son's death. Thus, while Gudal is "expected to

United States District Court
For the Northern District of California

abide by the rules of the court in which [she] litigates," the court must allow for particular leniency under these circumstances. See Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986)). Second, the court notes that Gudal filed an amended complaint on January 23, 2012. Although it was filed after expiration of the deadline, the amended pleading nonetheless alleviates the concern that this action will remain stagnant. This case can now proceed on the merits, which is certainly a less drastic alternative than summary dismissal. It is for these reasons that Defendants' request for dismissal is denied.

## III. ORDER

Based on the foregoing:

1. Gudal's motion for reconsideration (Docket Item No. 185), construed as a motion for leave to file a motion for reconsideration, is DENIED.

2. Defendant's request for sua sponte dismissal is also DENIED. The court accepts the amended complaint filed January 23, 2012 (Docket Item No. 188), as the currently-operative complaint in this action.

3. In light of the orders above, the parties shall comply with the following schedule:

   a. Gudal shall serve the amended complaint on all defendants forthwith, and shall complete service no later than **February 2, 2012.**

   b. Defendants shall file an answer or other responsive pleading no later than **February 22, 2012.** All motions to dismiss or other similar motions filed in lieu of an answer shall be noticed for **April 20, 2012, at 9:00 a.m.** The court also sets a Case Management Conference for **April 20, 2012, at 10:00 a.m.** The parties shall file a Joint Case Management Statement which, inter alia, proposes a schedule for this action no later than **April 13, 2012.**

Both parties are admonished that compliance with these deadlines is expected, and the dates may not be modified absent an order from this court.

//

//

Gudal is further admonished that failure to observe any requirements imposed by the Federal Rules of Civil Procedure, this district's Local Rules, or any court orders may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: January 23, 2012

EDWARD J. DAVILA
United States District Judge



United States District Court
For the Northern District of California