IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF ABDURAHMAN MOHAMMED, by and through Its Successors in Interest CHARLES WIDEMAN, Executor, HODAN MOHAMMED, Alternate Executor, ABDULLAHI MOHAMMED, SHARMAKE MOHAMMED, and JINOW GUDAL,<br><br>        Plaintiff(s),<br>v.<br><br>CITY OF MORGAN HILL, et. al.,<br><br>        Defendant(s). | CASE NO. 5:10-cv-05630 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS**<br><br>[Docket Item No(s). 202, 203, 204, 205, 208, 260, 263, 265, 267] |

    Presently before the court are a number of matters. Primarily, motions to dismiss the Second Amended Complaint ("SAC") have been filed by the following defendants: (1) the City of Morgan Hill and its related entities and individuals (collectively, "Morgan Hill"); (2) the State of California ("State"); (3) the County of Santa Clara and its related entities and individuals; and (4) Lucy McAllister ("McAllister").[1]  See Docket Item Nos. 202, 203, 204, 208.  McAllister has combined with her dismissal motion a motion to strike, and Morgan Hill has filed a separate motion to strike. See Docket Item Nos. 204, 205.  For their part, Plaintiffs Estate of Abdurahman Mohammed by and

---

[1] In this order, "Defendants" refers to all named defendants.

1
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

through successors in interest Charles Wideman, Hodan Mohammed, Abdullahi Mohammed, Sharmake Mohammed and Jinow Gudal (collectively, "Plaintiffs") have filed four separate sanctions motions against each category of defendants. See Docket Item No. 260, 263, 265, 267.

The court has carefully reviewed each of these matters,[2] and finds the motions for sanctions suitable for decision without oral argument pursuant to Local Civil Rule 7-1(b). Accordingly, the hearing scheduled for June 15, 2012, will be vacated. For the reasons stated below, Defendants' motions to dismiss will be granted. The motions to strike and Plaintiffs' motions for sanctions will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations in the SAC, Abdurahman Mohammed ("Decedent"), an African-American individual, was arrested by Morgan Hill police officers Mike Nelson and Steve Pennington, both of whom are white. See SAC, at ¶ 4. Decedent was charged with residential burglary by another non-arresting officer, Curtis Berlin, who is also white. See id. Decedent was transported by Officers Nelson, Pennington and Mario Ramirez to the Morgan Hill Police Department where he was processed and detained. See id. Two of Decedent's friends, Garcia and Catano, were also arrested but released. See id. While at the Department, Officers Nelson, Pennington, and Berlin as well as Jerry Neumayer, Ronald Troy Hoefling, and Kevin Beilmann performed a warrantless search of Garcia's house and seized cash and other items. See id.

Mohammed was eventually transported to the Santa Clara County main jail, where he was incarcerated for eleven months. See id. "During that time, there was no investigation on his part as to proof of his innocence, no warrant, no complaint against him were processed through the DA's office, no due process, no neutral and detached magistrate interposed between him and the police . . . no arraignment, no Register of Actions, no booking order, no incarceration order, no other investigation, no proper defense by city's public defender to advocate for his rights . . . and no

---

[2] The court has been unable to identify a document containing Plaintiffs' arguments in opposition to the motions to dismiss. Despite this circumstance, the court has reviewed all of Plaintiffs' filings and has liberally construed each of them as appropriate. See Abassi v. Immigration & Naturalization Serv., 305 F.3d 1028, 1032 (9th Cir. 2002).

1 medical treatment for his worsening headaches." See id. Attorney Lucy McAllister was retained to
2 represent Decedent, but failed to present exculpatory evidence on Decedent's behalf. See id., at ¶¶
3 4, 59. Decedent was released from custody without charge on March 9, 2009. See id., at ¶ 4. He
4 was ultimately diagnosed with brain cancer, and passed away on August 21, 2011. See id., at ¶ 5.

5 On December 13, 2010, Decedent and his mother, Jinow Gudal, commenced this civil rights
6 action. See Compl., Docket Item No. 1. During the early stages of this litigation, the parties filed a
7 miscellaneous collection of motions and requests - some dispositive and some procedural.
8 Eventually, this court's predecessor (Judge Jeremy Fogel) consolidated the motions into one hearing
9 on April 15, 2011. See Docket Item No. 153. Intending to issue a written ruling, the court
10 submitted the motions for decision. Id. Upon Decedent's death, Judge Fogel terminated the
11 previously-submitted motions and ordered Gudal to file an amended complaint. See Docket Item
12 No. 163. Plaintiffs eventually filed the SAC on January 30, 2012. See Docket Item No. 192. The
13 instant motions followed.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1) challenges the court's subject matter jurisdiction and may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). As relevant here, a facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint. Id. Much like other dismissal motions, all material allegations in the complaint are assumed true, and the court must determine whether lack of jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

3
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### C. Federal Rule of Civil Procedure 12(f)

The court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because such motions are disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); see also LeDuc v. Ky. Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).

When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id. Material that is redundant, immaterial, impertinent or scandalous is properly stricken. Id.

4
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

## III. DISCUSSION

### A. Capacity to Sue

The court must begin with an important issue raised in each of the motions to dismiss. All Defendants argue that Plaintiffs cannot maintain this action as representatives of Decedent's estate, at least under the current formulation of the SAC. They are correct.

The capacity of Decedent's estate to litigate in federal court is designated by California law. Fed. R. Civ. P. 17(b)(3). In California, "[a]n 'estate' is not a legal entity and is neither a natural nor artificial person. . . . An 'estate' can neither sue nor be sued." Estate of Bright v. Western Airlines, Inc., 104 Cal. App. 2d 827, 828-29 (1951). This rule therefore requires that someone qualified to represent Decedent's estate appear in this survival action[3] on behalf of the estate.

California law also identifies those individuals that can represent an estate in court. "A cause of action that survives the death of the person entitled to commence [it] . . . may be commenced by the decedent's personal representative, or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30. A "personal representative" is an "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to [Probate Code] section 7660, or a person who performs substantially the same function of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).

In addition, an individual seeking to file an action as a decedent's successor in interest must attest to certain facts showing that the person is, in fact, entitled to maintain the action on behalf of the decedent's estate. Cal. Civ. Proc. Code § 377.32; Tatum v. City & County of San Francisco, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006). The proposed "successor in interest" must execute and file an affidavit or declaration under penalty of perjury, which states: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in

---

[3] A personal claim under 42 U.S.C. § 1983 will survive the decedent if the claim accrued before death and state law authorizes a survival action. 42 U.S.C. § 1988(a); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). California law allows for a survival action if the injury giving rise to alleged liability occurs before prior to death. Cal. Civ. Proc. Code § 377.34.

5

Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent. <u>Id</u>. Moreover, the declarant must attach a certified copy of the death certificate, and if the decedent's estate was administered, the declarant must produce a copy of the final order showing distribution of the decedent's cause of action to the successor in interest. <u>Id</u>.

Here, a review of the entire SAC suggests that each of the current Plaintiffs appear in a representative capacity on behalf of Decedent's estate - rather than as individual plaintiffs - since the SAC does not contain allegations personal to them. <u>See</u> SAC, at ¶¶ 9 ("Plaintiffs Estate of Abdurahman Mohammed by and through Its Successors in Interest Charles Wideman, Executor, Hodan Mohammed Alternate Executor, Abdullahi Mohammed, Sharmake Mohammed, and Jinow Gudal ('Estate') . . . ."); 39 ("As a proximate result of the false arrest and death, *the Estate* has been damaged . . . .") (emphasis added), 42, 52, 57, 65, 76, 82, 85, 95, 104, 107, 110. But unless all five named plaintiffs qualify as Decedent's successor in interest as defined by Probate Code § 58(a), they are unable to maintain this action as plead. To the extent any or each of the Plaintiffs are qualified under § 58(a), which may or may not be the case, the pleading must allege facts sufficient to support an ability to act on behalf of the estate as required by Probate Code § 377.32. Since the SAC does not contain these facts, it must be dismissed in its entirety on this ground alone.[4]

But that is not the only capacity issue readily apparent from the face of the SAC. A person who is unlicensed to practice law and who purports to represent a decedent's estate cannot appear in propria persona on behalf of the estate in matters outside the probate proceedings. <u>See</u> <u>City of Downey v. Johnson</u>, 263 Cal. App. 2d 775, 780 (1968); <u>see also</u> <u>Hansen v. Hansen</u>, 114 Cal. App. 4th 618, 621 (2003). "In line with that prohibition, courts have held, among other examples, that . . . a nonlawyer representing his mother's estate as conservator and executor cannot appear in propria persona on behalf of the estate." <u>Drake v. Super. Ct.</u>, 21 Cal. App. 4th 1826, 1830-31 (1994). Because the Plaintiffs do not purport to be licensed attorneys in their own right, any Plaintiff that

---

[4] Plaintiffs' request for judicial notice of the state court documents appointing Wideman as executor of Decedent's will is GRANTED. <u>See</u> Docket Item No. 281. Those documents, however, do not contain the information required by Civil Procedure Code § 377.32.

6
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

qualifies as a successor in interest must obtain legal representation if this case is to proceed further.

For these reasons, each of the Defendant's motions to dismiss will be granted. Moreover, Plaintiffs' currently-pending motions for sanctions must be summarily denied.[5] Without clarity as to Plaintiffs' ability to act for the estate, and in the absence of an attorney appearing on behalf of a qualifying individual, Plaintiffs do not presently have the capacity to bring those motions.

### B. Other Dismissal Issues

Although Plaintiffs' present lack of capacity requires dismissal of all claim in the SAC, the court finds it prudent to discuss other issues raised by Defendants in order resolve certain dispositive matters and to provide some guidance to Plaintiffs should they choose to amend their pleading.[6]

#### 1. Eleventh Amendment Immunity

First, the State is entitled to immunity under the Eleventh Amendment. A party may move to dismiss on the basis of Eleventh Amendment sovereign immunity pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. See Proctor v. United States, 781 F.2d 752, 753 (9th Cir. 1986). "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state." U.S. Const. amend XI. This language has been interpreted as a general bar to suits in federal court against a state government by that state's own citizens, by citizens of another state, or by citizens of a foreign state, and bars both federal and pendant state claims. See Montana v. Goldin, 394 F.3d 1189, 1195 (9th Cir. 2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984) (holding that Eleventh Amendment immunity "applies . . . to state-law claims brought into federal court under pendent jurisdiction."). Eleventh Amendment immunity is subject to one narrow exception "where the relief

---

[5] In any event, the court would deny Plaintiffs' motions for sanctions even if it were to reach the merits. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will lie when, as here, the complaint on its face reveals a plaintiff's lack of capacity to sue. De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 878 (9th Cir. 2000). Indeed, Defendants were obligated to raise any issues of capacity by responsive motion or risk having waived the defense. Id. Accordingly, Defendants' motions to dismiss are not improper or meritless, and certainly not worthy of sanctions.

[6] To be clear, the list of additional issues addressed in this section is not intended to be exhaustive, but merely points out those that are capable of definitive resolution at this point.

sought is prospective in nature and is based on an ongoing violation of the plaintiff's federal constitutional or statutory rights" and is only waived by the state through consent "unequivocally expressed." Cent. Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1160-61 (9th Cir. 1988); Pennhurst, 465 U.S. at 99.

Here, the claims contained in the SAC do not fall within the limited exception to Eleventh Amendment immunity, nor does the SAC indicate that the State waived immunity within the very limited allegations against it. Thus, the State is not a proper defendant in this action.

In light of the stringent standard that must be met to plead a viable claim against the State and considering Plaintiffs did not suggest any facts which would resolve the infirmity, the court can only conclude that allowing for amendment in this regard would be futile.[7] Accordingly, all claims against the State will be dismissed without leave to amend, thereby removing the State from this litigation. Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

**2. Presentation Requirement and Government Code § 815**

Plaintiffs' first, second, third, fourth, eighth and eleventh claims are based in state common law. As currently plead, they are each deficient in two ways to the extent such claims are alleged against public entities and public individuals.

First, the SAC does not allege that Plaintiffs complied with the presentation requirement provided by California Government Code §§ 945.4 ("Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board . . . .") and California Government Code § 950.2. "It is well-established that a government claim must be filed with the public entity before any tort action can be brought against the entity or

---

[7] It is also worth noting that the State is not considered a "person" for any claims under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 (1989). Plaintiffs would therefore need to somehow overcome the litigation bar erected by this settled legal principle even in the absence of Eleventh Amendment immunity.

8
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

against any public employee." Najarro v. Wollman, No. C 12-1925 PJH, 2012 U.S. Dist. LEXIS 75032, at *8-9, 2012 WL 1945502 (N.D. Cal. May 30, 2012) (citing Watson v. State of California, 21 Cal. App. 4th 836, 843-44 (1993)).

Second, California Government Code § 815(a) immunizes public entities from liability under theories arising from common law. Cal. Gov't Code § 815(a) ("A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."). In California, public entity liability is limited to that specifically imposed by statute. Williams v. Horvath, 16 Cal. 3d 834, 838 (1976).

Since the SAC does not demonstrate that Plaintiffs complied with the presentation requirement for claims one, two, three, four, eight and eleven, and since these claims are not statutorily-based, they must be dismissed as asserted against the public defendants. To the extent these claims are asserted against McAllister as a private individual, Plaintiffs have failed to state a claim because the SAC does not allege facts showing how McAllister was involved in Decedent's arrest,[8] the hiring, training, and supervision of the officers involved, the prosecution of Decedent, or his medical treatment while incarcerated.[9]

### 3. Fraud and Swindle and Obstruction of Justice

Plaintiffs' ninth claim, entitled "fraud and swindle," alleges violations of 18 U.S.C. § 1346. Similarly, the tenth claim, entitled "obstruction of justice," alleges violations of California Penal Code § 118 and related criminal statutes. These claims must be dismissed because the criminal statutes referenced do not create a private right of action for civil damages in this context. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Ellis v. City of San Diego, 176 F.3d 1183,

---

[8] A common law claim for false arrest would also be barred by the one-year statute of limitations provided by California Civil Procedure Code § 352.1, considering Plaintiff was released from custody on March 9, 2009, and this case not filed until December, 2010. See SAC, at ¶ 4 (Decedent "was not released until 11 months later on March 9, 2009.").

[9] The fact that the court is unable to distinguish which claims are asserted against which defendants raises another ground for dismissal. See McHenry v. Renne, 84 F.3d 1172 (1996). If Plaintiffs do choose to file an amended complaint, such pleading must clarify which defendant or defendants are allegedly liable on which claims in order to meet the applicable pleading standard. See Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

9
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

1189 (9th Cir. 1999). Since allowing for amendment would be futile, the ninth and tenth claims will be dismissed without leave to amend.

### 4. Constitutional Violations and 42 U.S.C. § 1983

In the fifth claim, Plaintiffs allege violations of the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments. The court has also construed the Sixth Claim under 42 U.S.C. § 1983 to be based on alleged violations of these same constitutional amendments.[10] These claims are not properly plead because at least three of the enumerated amendments cannot be invoked here.

First, Plaintiffs cannot maintain an action based on purported violations of Decedent's Fifth Amendment due process rights because "[t]he Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government - not to those of state or local governments." Lee, 250 F.3d at 687 (9th Cir. 2001) (citing Schweiker v. Wilson, 450 U.S. 221, 227 (1981)). No federal entities or individuals are named as defendants here.

Second, claims for violation of the Eighth Amendment are misplaced because "[t]he Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence.'" Id. at 686 (quoting Graham v. Connor, 490 U.S. 386, 393 & n.6 (1989)). Since Plaintiffs specifically allege that Decedent was not convicted, Plaintiffs cannot invoke the Eighth Amendment as a basis for liability. See SAC, at ¶¶ 4, 37.

Third, Plaintiffs' are unable to rely on the Ninth Amendment because that amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986).

### C. Motions to Strike

Morgan Hill and McAllister seek an order striking the prayer for punitive damages from the SAC. McAllister argues that punitive damages are not supported by the allegations, and Morgan Hill asserts - correctly - that California Government Code § 818 bars the recovery of punitive

---

[10] "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotations omitted).

10
Case No. 5:10-cv-05630 EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE; DENYING PLAINTIFFS' MOTIONS FOR SANCTIONS

1  damages from a public entity. It is therefore apparent that, should Plaintiffs prevail in their claims
2  against any of the public defendants, they will as a matter of law not be entitled to seek or recover
3  punitive damages from those defendants.

4  But that aside, a motion to strike pursuant to Rule 12(f) is nevertheless not the appropriate
5  mechanism to challenge a request for punitive damages. "Rule 12(f) does not authorize district
6  courts to strike claims for damages on the ground that such claims are precluded as a matter of law."
7  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). For this reason, the
8  motions to strike will be denied.

### IV. ORDER

Based on the foregoing, Defendants' motions to dismiss (Docket Item Nos. 202, 203, 204, 208) are GRANTED as follows:

1. All claims against the State of California are DISMISSED WITHOUT LEAVE TO AMEND;

2. The ninth claim for fraud and swindle and the tenth claim for obstruction of justice are each DISMISSED WITHOUT LEAVE TO AMEND;

3. All other claims are DISMISSED WITH LEAVE TO AMEND.

The motions to strike (Docket Item Nos. 204, 205) are DENIED.

Plaintiffs' motions for sanctions (Docket Item Nos. 260, 263, 265, 267) are DENIED. The hearing scheduled for June 15, 2012, is VACATED.

Any amended complaint must be filed **on or before July 12, 2012**, and must conform with the discussion above. In particular, all issues concerning Plaintiffs' capacity to sue must be resolved as directed. Plaintiffs are advised that failure to file an amended complaint by the deadline imposed, or failure to demonstrate capacity to sue in a satisfactory manner by that same deadline, may result in dismissal of this case without further notice.

//
//
//

The court declines to issue a scheduling order at this time, considering the SAC is presently dismissed. Further scheduling issues will be addressed as appropriate.

**IT IS SO ORDERED.**

Dated: June 12, 2012

_____
EDWARD J. DAVILA
United States District Judge