United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF ABDURAHMAN MOHAMMED, by and through Its Successors in Interest CHARLES WIDEMAN, Executor, HODAN MOHAMMED, Alternate Executor, ABDULLAHI MOHAMMED, SHARMAKE MOHAMMED, and JINOW GUDAL, | CASE NO. 5:10-cv-05630 EJD **ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME; DISMISSING CASE** |
| Plaintiff(s), | [Docket Item No(s). 310] |
| v. | |
| CITY OF MORGAN HILL, et. al., | |
| Defendant(s). | |

## I.   INTRODUCTION

On June 12, 2012, this court granted various dismissal motions filed by Defendants City of Morgan Hill and its related entities and individuals, the State of California, the County of Santa Clara and its related entities and individuals, and Lucy McAllister (collectively, "Defendants"). See Docket Item No. 295. In the ensuing order, the court explained the reasons requiring dismissal of the entire Second Amended Complaint ("SAC"), including the fact that named representative Plaintiffs Charles Wideman, Hodan Mohammed, Abdullahi Mohammed, Sharmake Mohammed and Jinow Gudal (collectively, "Plaintiffs") failed to establish an ability to represent the Estate of Abdurahman Mohammed, and had not obtained counsel to represent the estate consistent with

1

United States District Court

For the Northern District of California

1   California law.  <u>See id</u>.  The court allowed Plaintiffs the opportunity to file an amended complaint

2   no later than July 12, 2012.  <u>See id</u>.  However, the court specifically advised Plaintiffs that any

3   amended pleading should conform to the court's determinations in the dismissal order, and must

4   particularly resolve the issue concerning Plaintiffs' capacity to sue.  <u>See id</u>.  Plaintiffs were further

5   "advised that failure to file an amended complaint by the deadline imposed, or failure to demonstrate

6   capacity to sue in a satisfactory manner by that same deadline, may result in dismissal of this case

7   without further notice."  <u>See id</u>.

8         Plaintiffs did not file an amended complaint by the deadline ordered by the court.  Instead,

9   on July 11, 2012, Plaintiffs filed a "request for an order extending the time to amend" the complaint.

10  <u>See</u> Docket Item No. 310.  That request is presently before the court.  Having carefully considered

11  the request and in light of the circumstances within which it is presented, the court finds it

12  appropriate to deny the extension.  In addition, as Plaintiffs did not comply with the dismissal order

13  as directed, the court finds it necessary to dismiss this case.

14                        **II.   DISCUSSION**

15       **A.    Request for Extension of Time**

16        Plaintiffs seek an extension of time under Federal Rule of Civil Procedure 6(b)(1), which

17  provides:

18              When an act may or must be done within a specified time, the court
                may, for good cause, extend the time: (A) with or without motion or
19              notice if the court acts, or if a request is made, before the original time
                or its extension expires; or (B) on motion made after the time has
20              expired if the party failed to act because of excusable neglect.

21        Since Plaintiffs filed their extension request one day for expiration of the deadline, the court

22  must examine it within the context of Rule 6(b)(1)(A).  "This rule, like all the Federal Rules of Civil

23  Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are

24  tried on the merits.'"  <u>Ahanchian v. Xenon Pictures, Inc.</u>, 624 F.3d 1253, 1258-59 (9th Cir. 2010)

25  (quoting <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983)).  "[R]equests for extensions of time

26  made before the applicable deadline has passed should 'normally . . . be granted in the absence of

27  bad faith or prejudice to the adverse party.'"  <u>Id</u>. at 1259 (quoting Charles Alan Wright & Arthur R.

28  Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME; DISMISSING CASE

Here, Plaintiffs' articulation of good cause consists of nearly identical statements in the request and accompanying declaration which indicate that, in response to the dismissal order, "the estate had to try and raise funds in order to hire an attorney to comply with those orders." Plaintiffs clarify that one of the five named representative plaintiffs is on welfare and that the remaining plaintiffs are "unable to raise these funds" within the time period provided. In addition, Plaintiffs state that they have "talked to some lawyers to handle the case on their behalf."

Although the court recognizes that "'good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts," the court cannot accept that Plaintiffs have met that burden. Id. at 1259. Indeed, the statements made by Plaintiffs in support of this request are considerably vague. Although Plaintiffs indicate in general terms that four of them are "unable" to assist in securing representation, they did not explain *why* that is the case or why that inability existed for the entire thirty-day amendment period. Moreover, Plaintiffs did not provide any information detailing their efforts to secure counsel, either paid or *pro bono*, other than claiming they had "talked" to lawyers.[1] While the standard is lenient, Plaintiffs have not established any level of diligence in meeting the deadline.

It is also important to note that Plaintiffs have failed to meet virtually every deadline in this case, a pattern the court has described previously. See Docket Item No. 189. The court describes the history again, however, as it is equally important to this request. On August 30, 2011, Judge Jeremy Fogel ordered Gudal, who at the time was the only plaintiff, to file an amended complaint no later than September 30, 2011. See Docket Item No. 163. Gudal did not do so. Instead, Gudal filed a motion for clarification on October 17, 2011. See Docket Item Nos. 169, 170. The court denied the clarification motion, but extended until November 30, 2011, the deadline for filing an amended

---

[1] Notably, the order addressing Defendants' motions to dismiss is not the first time the issue of representation was raised by the court. The court previously advised Wideman at a Case Management Conference ("CMC") on October 21, 2012, that he could not act as a party to this case unless actually named as a Plaintiff. The court also advised Gudal at that same conference to seek legal advice, and reenforced that advisement again in an order denying a motion for clarification. See Docket Item No. 172 ("As the August 30th order suggests, Mohammed's death may have a significant impact on this case in a variety of ways. It is possible that the parties, the causes of action, or potentially both must be amended in order for this case to proceed further. Gudal may wish to investigate and seek direction from qualified individuals in that regard.").

3

1   complaint.  See Docket Item No. 172.

2          On November 15, 2011, Gudal filed a motion to once again extend the deadline for

3   amending the complaint based primarily on the progress of a probate case proceeding in state court

4   with regard to Mohammed's estate.  See Docket Item No. 173.  The court granted the motion as

5   requested and extended the deadline to January 5, 2012, but warned that no further extensions would

6   be granted absent extraordinary circumstances.  See Docket Item No. 176.

7          On December 28, 2011, Gudal filed a second motion to extend the deadline for amending her

8   pleadings from January 5th to February 6, 2012, again based on the progress of the probate

9   proceedings in state court.  See Docket Item Nos. 177, 178.  Defendants opposed the motion in a

10  joint filing.  See Docket Item No. 180.  The court provided the following explanation in denying the

11  extension:

> [Gudal] has already received two extensions of the original deadline
> ordered by the court, the first from September 29, 2011, to November
> 30, 2011, and the second from November 30, 2011, to January 5,
> 2011.  See Docket Item Nos. 172, 176.  In receiving the second
> extension, [Gudal] was specifically warned that further extensions of
> time would not be granted absent the presentation of extraordinary
> circumstances.  See Docket Item No. 176.
>
> Having reviewed the instant motion and other materials filed in
> support thereof, the court finds that [Gudal] has failed to demonstrate
> good cause for the relief requested, as has failed to demonstrate the
> type of extraordinary circumstances contemplated by the court in its
> prior order.  Indeed, [Gudal] has now been provided more than 120
> days within which to file an amended pleading since the court issued
> its original order on August 30, 2011.  See Docket Item No. 163.

20  See Docket Item No. 181.

21         The court did, however, allow Gudal one final extension of the amendment deadline from

22  January 5, 2012, to January 16, 2012.  See id.  Gudal then appeared at the CMC on January 20,

23  2012, but did not file an amended complaint until January 23, 2012.  See Docket Item No. 188.  The

24  court overlooked the untimeliness of that pleading, however, and allowed Plaintiffs to proceed.  See

25  Docket Item No. 189.

26         Plaintiffs' conduct can no longer be countenanced because it has now become prejudicial to

27  Defendants, who are in some ways involuntary participants in this litigation.  The reasons for

28  prejudice have been identified previously.  This action, which has now been pending since

4

United States District Court

For the Northern District of California

December, 2010, still has not progressed past the initial pleading stage.  It has occupied a spot on this court's docket and calendar in a state of arrested development, requiring Defendants to continually expend time and incur fees in responding to Plaintiffs' countless extension requests and related motions, some of which have been filed without regard to their actual merit.  See, e.g., Docket Item Nos. 260, 263, 264, 267.  Defendants have also been required to attend conferences of no benefit to them since the only subject discussed was the expectation that an amended pleading would be filed.  While the court is mindful, as it has always been, that Plaintiffs are proceeding without representation and that certain latitude must be allowed, a pro se plaintiff is nonetheless "expected to abide by the rules of the court in which he litigates." Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986)).  Plaintiffs continue to eschew that obligation.

For these reasons, the court finds that Plaintiffs have not established good cause for another extension of time to file an amended complaint.  Furthermore, the court finds that allowing for an additional extension would be prejudicial to Defendants.  Accordingly, Plaintiffs' request will be denied.

**B.      Dismissal**

Having determined that another extension of time will not be allowed, this action is left without a viable pleading because Plaintiffs failed to comply with a court order.[2]  The question of dismissal therefore arises.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with a court order.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1991). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik, 963 F.2d at 1260-61 (citing Thompson v. Hous. Auth. of L.A., 782 F.2d 829,

---

[2] On July 12, 2012, Plaintiffs filed what purports to be a Notice of Appearance by an attorney.  See Docket Item No. 314.  That document, however, does not comply with the order to file an amended complaint by that date, which is arguably the most important task to complete.

CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME; DISMISSING CASE

831 (9th Cir. 1986); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Much of what has been discussed in the previous section applies with equal force to the <u>Ferdik</u> analysis.  The stagnancy of this litigation, its effect on the court's docket, and the prejudice to Defendants have each been explained.  Also detailed is Plaintiffs repeated failure to comply with court orders and meet deadlines.  Other than allowing Plaintiffs another opportunity to file an amended pleading - an opportunity which will not be provided - the court sees no other less drastic options.  Although a prior weighing of the <u>Ferdik</u> factors did not lead to dismissal, the circumstances have since changed.  Those same factors now weigh in favor of dismissal.  The court will therefore dismiss this case and enter judgment in favor of Defendants.

### III.   ORDER

Based on the foregoing, Plaintiffs' Motion for Extension of Time (Docket Item No. 310) is DENIED.

Since Plaintiffs failed to file an amended pleading within the time provided, this action is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).  The clerk of the court shall close this file upon entry of judgment.

**IT IS SO ORDERED.**

Dated:  July 13, 2012

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME; DISMISSING CASE

**United States District Court**
For the Northern District of California