IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF ABDURAHAM MOHAMMED, by and through Its Successors in Interest CHARLES WIDEMAN, Executor, HODAN MOHAMMED, Alternate Executor, ABDULLAHI MOHAMMED, SHARMAKE MOHAMMED, and JINOW GUDAL,<br><br>        Plaintiff(s),<br>   v.<br><br>CITY OF MORGAN HILL, et. al.,<br><br>        Defendant(s). | CASE NO. 5:10-cv-05630 EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>[Docket Item No(s). 318] |

Presently before the court is Plaintiff-Executor Charles Wideman's ("Plaintiff") Motion to Recuse the undersigned from presiding over this previously-dismissed action pursuant to 28 U.S.C. § 455. See Docket Item No. 318. This motion will be denied.

Under § 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonable be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993). Such recusal may rest on either "actual bias or the appearance of bias." Id. A district judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

28 U.S.C. § 455(a), (b)(1). However, "[f]ederal judges are obligated not to recuse themselves where there is no reason to question their impartiality." New York City Housing Develop. Corp. v. Hart 796 F.2d 976, 980 (7th Cir. 1986).

Here, Plaintiff's conclusion of bias stems from the court's orders, with which he is apparently dissatisfied. These allegations do not, and indeed cannot, demonstrate actual bias or an appearance of bias because they do not arise from an extrajudicial source. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (holding that judicial rulings alone and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings" are not a valid bases for a recusal motion as they do not establish reliance on an extrajudicial source); see also Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).

Accordingly, Plaintiff's motion for recusal is DENIED. The hearing on this motion scheduled for November 8, 2013, is VACATED.

**IT IS SO ORDERED.**

Dated: November 1, 2013

EDWARD J. DAVILA
United States District Judge