1

2

3

4

5

6

7                           IN THE UNITED STATES DISTRICT COURT

8                       FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                    SAN JOSE DIVISION

10   ESTATE OF ABDURAHAM                    CASE NO. 5:10-cv-05630 EJD
     MOHAMMED, by and through Its
11   Successors in Interest CHARLES         **ORDER DENYING PLAINTIFF'S**
     WIDEMAN, Executor, HODAN               **MOTION FOR RELIEF FROM**
12   MOHAMMED, Alternate Executor,          **JUDGMENT**
     ABDULLAHI MOHAMMED,
13   SHARMAKE MOHAMMED, and JINOW
     GUDAL,                                 [Docket Item No(s). 317]

14

15                 Plaintiff(s),
          v.
16
     CITY OF MORGAN HILL, et. al.,
17

18                 Defendant(s).
     _____/
19

20                          **I.   INTRODUCTION**

21          On July 13, 2012, the court dismissed this civil rights action pursuant Federal Rule of Civil

22   Procedure 41(b) after Plaintiff Estate of Abduraham Mohammed, by and through its successors in

23   interest Charles Wideman, Executor, Hodan Mohammed, Alternate Executor, Abdullah Mohammed,

24   Sharmake Mohammed and Jinow Gudal neglected to file an amended complaint by the deadline

25   imposed.  See Docket Item No. 315.  The court entered a judgment of dismissal in favor of

26   Defendants that same day.  See Docket Item No. 316.

27          Presently before the court is Plaintiff Charles Wideman's ("Plaintiff") Motion for Relief

28   from Judgment pursuant to Federal Rule of Civil Procedure 60.  See Docket Item No. 317.

                                                1

CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

**United States District Court**
For the Northern District of California

1    Defendants have filed written opposition to the motion.  Having reviewed this matter, the court finds

2    it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).  Thus, the

3    hearing scheduled for November 8, 2013, will be vacated and Plaintiff's motion will be denied for

4    the reasons explained below.

## II.    LEGAL STANDARD

6         As noted, Plaintiff brings this motion pursuant to Rule 60 of the Federal Rules of Civil

7    Procedure.  Section (b) of that rule, which will guide the following analysis, provides:

> On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable
> neglect; (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial under
> Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the
> judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or
> vacated; or applying it prospectively is no longer equitable; or (6) any
> other reason that justifies relief.

## III.    DISCUSSION

16        Plaintiff cites three sections of Rule 60(b).  None entitle him to relief.

### A.    Rule 60(b)(1)

18        Under section (b)(1), Plaintiff's argument reveals he seeks redress for perceived judicial

19   "mistake."  This argument is both untimely and misplaced.

20        As to timing, the plain language of the rule requires that motions under section (b)(1) be

21   brought within a "reasonable time," but "no more than a year after the entry of the judgment or order

22   or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  "What constitutes 'reasonable time'

23   depends upon the facts of each case, taking into consideration the interest in finality, the reason for

24   delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to

25   other parties."  Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981).  Here, the instant motion

26   was filed well past the deadline to appeal the dismissal order.  For that reason, "the interest in

27   finality must be given great weight."  Id.  Plaintiff provides no reason for the failure to timely

28   challenge the order by direct appeal or through an earlier-filed 60(b) motion.  In addition, there

United States District Court
For the Northern District of California

1    appears nothing that could have prevented Plaintiff from learning of the court's ruling when it was

2    issued. Indeed, Plaintiff must have known no later than October 26, 2012, when he filed a second

3    case on the same issues.[1]  Under these circumstances, the court must conclude that this motion, filed

4    nearly a year after the dismissal order was entered, was not brought within a "reasonable time."

5         As to the substance, the court disagrees that it committed a legal error. The court carefully

6    considered and applied the factors provided by Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

7    1991) and concluded that dismissal was appropriate after it provided Plaintiffs significant latitude

8    and overlooked several instances of non-compliance, as was explained in the dismissal order. This

9    is true whether or not a scheduling order was issued.

10        In the end, Plaintiff's disagreement with the court's decision does not equate to error.

11   Accordingly, Plaintiff's motion under Rule 60(b)(1) will be denied.

12        **B.      Rule 60(b)(3)**

13        To prevail under Rule 60(b)(3), "the moving party must prove by clear and convincing

14   evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the

15   conduct complained of prevented the losing party from fully and fairly presenting the defense." De

16   Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000). "Clear and convincing

17   evidence" is a standard greater than "preponderance of the evidence" but lesser than "beyond a

18   reasonable doubt." United States v. Chimurenga, 760 F.2d 400, 405 (9th Cir. 1985).

19        Assuming, arguendo, that the section (b)(3) motion is not untimely for the same reasons

20   discussed above, Defendant has not presented anything that would amount to clear and convincing

21   evidence of fraud. Contrary to Plaintiff's contention, the court did not convert motions to dismiss

22   into motions for summary judgment; it simply ruled on Defendants' arguments made under Federal

23   Rule of Civil Procedure 12. See Docket Item No. 295. And Defendants did not act fraudulently in

24   filing the motions to dismiss considering many of their arguments were determined meritorious.

25   Furthermore, the fact that Plaintiff's requests for default were declined is not evidence of fraud since

26   Plaintiff was not entitled to such relief in light of the defects in service. Accordingly, the court

27

28
         [1] The court takes judicial notice of case number 5:12-cv-05530 PSG.  See Fed. R. Evid. 201.

3

CASE NO. 5:10-cv-05630 EJD
ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

1    rejects these theories as valid grounds for relief under Rule 60(b)(3).

2        **C.    Rule 60(b)(4)**

3        Under Rule 60(b)(4), Plaintiff argues the dismissal is void, mainly due to the same purported

4    insufficiencies raised under sections (b)(1) and (b)(3).  Since those purported insufficiencies have

5    already been rejected as reasons to vacate the judgment, the court finds this argument unconvincing

6    as well.  See U.S. Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010) ("Rule 60(b)(4) applies

7    only in the rare instance where a judgment is premised either on a certain type of jurisdictional error

8    or on a violation of due process[.]").  In this case, the court's jurisdiction to hear the matter was

9    clear, and no cognizable violation of due process occurred during the proceedings.

10                                **IV.    ORDER**

11        Based on the foregoing, Plaintiff's Motion for Relief from Judgment (Docket Item No. 317)

12   is DENIED.

13   **IT IS SO ORDERED.**

14

15   Dated:  November 1, 2013

16                                                              EDWARD J. DAVILA
                                                               United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4